**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JOSHUA BOYER,

    Petitioner,

v.

CASE NO. 8:01-CR-056-T-30TBM
8:05-CV-623-T-30TBM

UNITED STATES OF AMERICA,

    Respondent.
_____/

## O R D E R

Petitioner, an inmate in a Federal penal institution proceeding *pro se*,[1] filed a motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255 challenging his 2001 convictions for drug-related charges (CV Dkt. 1). Petitioner filed an amended § 2255 motion on May 16, 2005, which supersedes the earlier filed document (CV Dkt. 5). *See* Fed. R. Civ. P. 15(a).

In his amended § 2255 motion, Petitioner requests appointment of counsel. There is no automatic constitutional right to legal representation in federal habeas corpus proceedings. *See McBride v. Sharp*, 25 F.3d 962, 971 (11th Cir. 1994); *Hooks v. Wainwright*, 775 F.2d 1433, 1438 (11th Cir. 1985). Defendant has not demonstrated that

---

[1] Petitioner is cautioned that although he is appearing *pro se*, he is required to comply with the Local Rules of the Middle District of Florida, the Federal Rules of Civil Procedure, and the Rules Governing Section 2255 Proceedings (2005). Failure to do so could result in sanctions. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989). A copy of the Local Rules may be obtained at no charge by mailing a letter to the Clerk's Office. Because the Court cannot pay the mailing costs, you must also provide a self-addressed envelope with $3.95 postage affixed thereto. A copy of the Local Rules may be found in the Prison Law Library. They may also be found in Florida Rules of Court available from West Group, 620 Opperman Drive, St. Paul, Minnesota 55164. This book may also be available in the Prison Law Library.

Case 8:01-cr-00056-JSM-TBM   Document 278   Filed 07/01/05   Page 2 of 4 PageID 1595

appointment of counsel is necessary at this time. In the event that the Court decides that an evidentiary hearing is required to resolve claims raised in Petitioner's § 2255 motion, it will notify Petitioner of that decision. In that event, an attorney will be appointed to represent Petitioner if he meets the criteria found at 18 U.S.C. § 3006(A). *See* Rule 8(c), Rules Governing Section 2255 Proceedings (2005).

UPON consideration of the motion and in accordance with the *Rules Governing Section 2255 Cases in the United States District Courts*, the Court **ORDERS** that:

(a) The motion to vacate, set aside, or correct an illegal sentence filed pursuant to 28 U.S.C. § 2255 on March 30, 2005 (CV Dkt. 1), having been superseded[2] by the First Amended Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 (CV Dkt. 5), is **DENIED** as moot.

(b) Petitioner's request for appointment of counsel is DENIED (Dkt. 1 at 46).

(c) The Government shall show cause within **SIXTY (60) DAYS** from the date of this Order why the relief sought in the motion should not be granted.

(d) As part of the initial pleading required by paragraph (a) of this Order, the Government shall also:

    (1) State whether Petitioner has used any other available federal remedies including any prior post-conviction motions and, if so, whether an evidentiary hearing was accorded to the movant in any federal court;

    (2) Procure transcripts and/or narrative summaries in accordance with Rule 5(b) of the *Rules Governing Section 2255 Cases in the United States District Courts* and file them concurrently with the initial

---

[2]*See, e.g., Fritz v. Standard Life Ins. Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982) (finding that an amended complaint under the federal rules supercedes the original complaint).

>> pleading, but in no case later than thirty (30) days after the filing of the initial pleading; and
>>
>> (3) Summarize the results of any direct appellate relief sought by Petitioner and file copies of appellant and appellee briefs from every appellate proceeding.[3]

(e) Henceforth, Petitioner shall mail one copy of every pleading, exhibit and/or correspondence, along with a certificate of service indicating the date an accurate copy was mailed, to the Government office listed in the bottom of this Order. **Should Petitioner fail to include the required certificate of service with any document that he submits for filing in the Court record, the Clerk of this Court is directed to reject the document and return it without action.**

(f) After Respondent files a response, Petitioner shall have **TWENTY (20) DAYS** within which to file a reply thereto, at the conclusion of which the Court will take this matter under advisement. *See* Rule 5(d), Rules Governing Section 2255 Proceedings (2005). If Respondent's response incorporates a motion to dismiss, *pro se* Petitioner is advised out of an abundance of caution[4] that the granting of this motion would represent an adjudication of this case which may foreclose subsequent litigation on the matter.

If Respondent's response includes documents in support of a request to dismiss/deny the Petition, the Court will construe this request as a motion for summary

---

[3] The Government shall also indicate whether each claim was raised on direct appeal. If any of the claims were not raised on direct appeal, the Government shall indicate whether it waives the defense concerning the failure to raise the claim on direct appeal. *See Cross v. United States*, 893 F.2d 1287, 1289 (11th Cir.), *cert. denied*, 498 U.S. 849 (1990). If any of the claims were raised on direct appeal, the Government shall indicate whether it waives the defense concerning the relitigation of claims that were previously raised and disposed of on direct appeal. *See United States v. Rowan*, 663 F.2d 1034, 1035 (11th Cir. 1981).

[4] *See Griffin v. Wainwright,* 772 F.2d 822 (11th Cir. 1985), and *Milburn v. United States,* 734 F.2d 762 (11th Cir. 1984), wherein the Court expressed concern about *pro se* litigants in summary judgment cases.

judgment. In preparing a response, Petitioner should be aware of the provisions of Rule 56 of the Federal Rules of Civil Procedure.

(g)   Petitioner shall advise the Court of any change of address. Failure to do so will result in the case being dismissed for failure to prosecute.

(h)   The Clerk is directed to send a copy of Petitioner's motion to vacate and any supporting documentation to the Government.

**DONE** and **ORDERED** in Tampa, Florida on July 1, 2005.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
*Pro se* litigant
Erik R. Matheney, AUSA
Diane M. Croff, AUSA

SA/jsh