**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JOSHUA BOYER,

    Petitioner,                                  CASE NO. 8:01-CR-056-T-30TBM
                                                                 8:05-CV-623-T-30TBM

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

**O R D E R**

    This matter comes before the Court on Petitioner's Letter Motion requesting the Clerk to insert "corrected pages" into the Section 2255 motion he filed on March 30, 2005, (CV Dkt. 4) and Motion for Leave to Conduct Discovery and Request for Production (CV Dkt. 6). Because Petitioner filed an amended § 2255 motion on May 16, 2005, the letter motion will be denied as moot.

    Following a six-day jury trial, Petitioner was convicted of possession with intent to distribute five kilograms or more of cocaine, in violation of 18 U.S.C. § 924(c), and possession of an unregistered firearm, in violation of 26 U.S.C. §§ 5861 and 5871 (CR Dkt. 138). Petitioner was present in the courtroom during the entire trial.

    In his motion for discovery, Petitioner requests that the Court grant him leave to conduct discovery and direct the Government to provide him copies of certain exhibits used during the trial, including audio and video tapes (Exs. 1; 2, 6, 8, 10, 12, 13, 15, 17-19), photographs (Exs. 85A-85AO), and business records for Alltel, Verizon, and Simple (Exs.

88-91). Having reviewed relevant portions of the record in light of the relief Petitioner requests, the Court finds that the motion is subject to summary denial.

Rule 6 of the Rules Governing Section 2255 Proceedings (2005) provides that leave of the court is required to conduct discovery.[1] *See High v. Head*, 209 F.3d 1257, 1265 (11th Cir. 2000), *cert. denied,* 532 U.S. 909 (2001) (holding that "a petitioner's entitlement to discovery in federal habeas is within the district judge's discretion and only allowed for good cause shown."). "A party requesting discovery must provide reasons for the request." Rule 6(b), Rules Governing Section 2255 Proceedings (2005). Petitioner states that "the allegations set forth in his First Amended Motion to Vacate Sentence satisfy the good cause requirement" (CV Dkt. 6 at 2).

"Where *specific* allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." *Harris v. Nelson*, 394 U.S. 286, 300 (1969). Petitioner fails to demonstrate that the material he seeks is necessary to the presentation of his claims. The Court has reviewed the eight claims[2] presented in the amended § 2255 motion, and finds that Petitioner has not demonstrated good cause for granting his request for discovery.

ACCORDINGLY, the Court **ORDERS** that:

---

[1] "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure. . . . " Rules Governing Section 2255 Proceedings 6(a).

[2] Boyer asserts that the manner in which the trial was conducted deprived him of his Sixth Amendment right to effective assistance of counsel; trial counsel was ineffective for (a) failing to conduct pretrial investigations and (b) failing to challenge inadmissible evidence at trial; the Government misstated trial evidence, in violation of his Fifth and Sixth Amendment rights; the sentence imposed is illegal (three claims), relying on the Supreme Court's holding in *United States v. Booker*, 543 U.S. __, 125 S.Ct. 738, 756 (Jan. 12, 2005) (finding that the mandatory nature of the federal sentencing guidelines rendered them incompatible with the Sixth Amendment's guarantee to the right to a jury trial); and during the direct appeal, the Government misstated the evidence offered during the trial (CV Dkt. 5).

1. Petitioner's request that the Clerk insert "corrected pages" into the Section 2255 motion he filed on March 30, 2005 (CV Dkt. 4) is **DENIED** as moot.

2. The Motion for Leave to Conduct Discovery and Request for Production is **DENIED** (CV Dkt. 6).

**DONE** and **ORDERED** in Tampa, Florida on July 11, 2005.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All Parties/Counsel of Record

SA/jsh