**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

JOSHUA BOYER,

    Petitioner,                                          CASE NO. 8:01-CR-056-T-30TBM
                                                            8:05-CV-623-T-30TBM

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

**O R D E R**

This matter comes before the Court for consideration of Petitioner's Erratta [sic] (Dkt. 14). Petitioner is seeking leave to "supplement" his § 2255 motion to correct "misspellings and the singular and plural form of certain words contained within the pleading" (Dkt. 14 at 1 n.1). On page 10 of the document, however, Petitioner states that "[t]he instant *amendment* is made prior to any responsive pleading by the government" (Dkt. 14 at 10 (emphasis added)). Rule 15(a), Fed. R. Civ. P., provides, in pertinent part, that:

> A party may amend the party's pleading *once as a matter of course at any time before a responsive pleading is served* or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Because Petitioner filed an amended § 2255 motion on May 16, 2005, and he has not filed written consent of the Respondent, he must seek permission from the Court to file a second amended § 2255 motion.

Petitioner's Errattra [sic] is intended to replace the statement of facts, Claim Three, and Claim Five presented in the First Amended Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255, *see* Dkt. 5. Having reviewed the proposed changes, the Court finds reason to question whether Petitioner is aware that there is a crucial difference between an amendment and a supplement that may have unexpected consequences for his cause. An amended motion completely *supersedes* the original motion, and once a motion is amended, the only issues before the Court are the ones raised in the text of the amended motion, standing alone. *See Fritz v. Standard Life Ins. Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982); *Williams v. U.S.*, 2001 WL 530445 at *1 n.2 (S.D. Ala. 2001); *Brown v. E.F. Hutton & Co., Inc.,* 610 F.Supp. 76, 78 (S.D. Fla. 1985). A supplement, on the other hand, merely adds to the information presented in the motion already pending before the Court rather than completely replacing it. The Court has reviewed the eight claims[1] presented in Petitioner's first amended § 2255 motion and finds that if Petitioner's Errattra [sic] were accepted as an amendment to his § 2255 motion, several of the grounds he now asserts for relief would no longer be before this Court.

Moreover, it is in the best interests of both the parties and the Court to have Petitioner's claims for relief set out in one document rather than presented piecemeal, risking inadvertent delay to the proceedings due to an oversight in addressing one of his

---

[1] Petitioner asserts that the manner in which the trial was conducted deprived him of his Sixth Amendment right to effective assistance of counsel; trial counsel was ineffective for (a) failing to conduct pretrial investigations and (b) failing to challenge inadmissible evidence at trial; the Government misstated trial evidence, in violation of his Fifth and Sixth Amendment rights; the sentence imposed is illegal (three claims), relying on the Supreme Court's holding in *United States v. Booker*, 543 U.S. __, 125 S.Ct. 738, 756 (Jan. 12, 2005) (finding that the mandatory nature of the federal sentencing guidelines rendered them incompatible with the Sixth Amendment's guarantee to the right to a jury trial); and during the direct appeal, the Government misstated the evidence offered during the trial (CV Dkt. 5).

claims for relief. *See* 28 U.S.C. §§ 2244(b) & 2255. The Court will, therefore, direct the Clerk to strike Petitioner's motion.

If Petitioner wishes to amend his § 2255 motion again, he should file a motion to amend, attaching a copy of the amendment thereto. The amendment should be captioned "Second Amended Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255." Petitioner is cautioned that all issues and arguments he wants to present to the Court must be included in the amended document as it will supersede the first amended §2255 motion, becoming the only document then before the Court for consideration.

District courts have broad discretion to grant or deny a motion to amend. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). One of the factors to be considered in determining whether to grant a motion to amend is whether the amendment is proposed so late in the proceedings as to result in undue prejudice to the opposing party. Petitioner is reminded that on August 30, 2005, the Government was ordered to respond to his first amended § 2255 motion within 60 days thereof. He should conduct himself accordingly.

UPON consideration, the Court **ORDERS** that the **Clerk** shall **STRIKE** Petitioner's Erratta (Dkt. 14). The **Clerk** shall enclose a copy of the court-approved form used for filing requests for relief pursuant to 28 U.S.C. § 2255 with Petitioner's copy of this order.

**DONE** and **ORDERED** in Tampa, Florida on October 26, 2005.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copy furnished to:
All Parties/Counsel of Record

SA/jsh