# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                            CASE NO. 8:01-CR-56-T-30TBM

JOSHUA K. BOYER,

    Defendant.
_____/

## **O R D E R**

This matter comes before the Court upon the Defendant's Petition for Writ of Audita Querela (Dkt. 289), and Position Statement Regarding Resentencing and his Petition for Writ of Audita Querela (Dkt. 290) (hereinafter collectively "petition"). Defendant argues that pursuant to *United States v. Booker*, 543 U.S. 220 (2005), his sentence is unconstitutional because his sentence was imposed in a mandatory guidelines system. He requests the Court grant the writ and resentence him "to a term of confinement consistent with the jury verdict..." (Dkt. 289 at pg. 3).

Defendant's petition must be denied since "[t]he writ of audita querela does not apply because other postconviction relief is available." *United States v. Davis*, 352 Fed. Appx. 314, 316 (11th Cir. 2009) (unpublished opinion). Defendant filed his petition in order to collaterally attack his sentence on the theory that *Booker* was retroactive. In *United States*

1

*v. Holt*, 417 F.3d 1172, 1174 (11th Cir. 2005), the Eleventh Circuit held that "a writ of audita querela may not be granted when relief is cognizable under § 2255." *Id*. at 1175. This applies even where, as in Defendant's case, "the petitioner had already filed a § 2255 motion; it was denied, and thus the prisoner could only seek postconviction relief by seeking leave to file a successive petition." *Davis*, 352 Fed. Appx. at 315 (citing *Holt*, 417 F.3d at 1175).

In the instant case, Defendant attacks his sentence collaterally. Because Defendant "is collaterally attacking his sentence as violating the United States Constitution, the proper avenue of relief is § 2255." *Holt*, 417 F.3d at 1175. Because Defendant is proceeding *pro se*, this Court may liberally construe his petition as a § 2255 motion. *Id*. He has, however, already filed a § 2255 motion, which was denied on the merits (See Dkt. 287). Consequently, Defendant "must seek permission to file a successive § 2255 motion." *Davis*, at 316. Because Defendant has failed to obtain permission to file a successive petition from the Eleventh Circuit, this Court lacks jurisdiction to consider his petition. *Holt*, at 1175 (citing *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir.2003) (per curiam)). Thus, Defendant's petition must be denied. *See United States v. Doyharzabal*, 329 Fed. Appx. 874 (11th Cir. 2009) (unpublished opinion) (affirming district court's denial of defendant's petition for writ of audita querela claiming sentence unconstitutional pursuant to *Booker* because the relief sought "falls within the scope of § 2255.").

**ACCORDINGLY**, the Court **ORDERS** that:

1. Defendant's Petition for Writ of Audita Querela (Dkt. 289) is **DENIED**.

2. Defendant's Position Statement Regarding Resentencing and his Petition for Writ of Audita Querela (Dkt. 290) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on April 28, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copies furnished to:
Counsel/Parties of Record