**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA

v.                                              CASE NO: 8:01-cr-56-T-30TBM

JOSHUA BOYER
_____

**ORDER**

THIS CAUSE comes before the Court upon Defendant Joshua Boyer's Motion to Re-Open or for a Writ of *Audita Querela* (Dkt. #335) and Motion for Discovery (Dkt. #337). Boyer requests this Court to reopen his criminal case or to issue a writ of *audita querela* arguing that developments since his trial "demonstrate that the government purposefully misrepresented the objective of its fictitious stash house investigations along with the effectiveness of such techniques during the Defendant's criminal case." Motion (Dkt. #335), p. 1. Having reviewed the motions and the supporting memorandum (Dkt. #336), the Court concludes that the motions should be denied.

Boyer, along with his co-defendants, was arrested during a fictitious stash house sting by the Alcohol, Tobacco, and Firearms Agency. Boyer contends such stings are designed to capture predisposed hardened criminals, but in fact often capture people, such as him, who happen to be swept up in the moment. He claims that, but for his heroin addiction, he never would have been involved in associating with the individuals who were prepared to rob the fictitious drug dealer's stash house. Boyer argues that this outrageous and unconstitutional government conduct caused him to be entrapped.

This is not the first time Boyer has complained about the government's "outrageous conduct" in this case. He admits that he moved for dismissal of the Superseding Indictment on the grounds of outrageous government conduct. The motion was denied. And during his direct appeal, Boyer again raised his outrageous government conduct claims. Motion (Dkt. #335), p. 4. The Eleventh Circuit affirmed. *United States v. Boyer*, 77 Fed. App'x, 508 (table) (11th Cir. 2003), *cert. denied*, *Boyer v. United States*, 541 U.S. 964 (2004). Boyer then timely filed a Section 2255 petition asserting eight grounds to vacate his sentence, one of which concerned his arguments about government misconduct. His petition was denied.

Boyer also previously filed a petition for writ of *audita querela* asserting that his sentence was too harsh given his involvement in the case. That petition was denied by this Court on April 28, 2010. Boyer appealed, but the appeal was dismissed by the Eleventh Circuit for want of prosecution.

Boyer now seeks the same relief, asking this Court to vacate his sentence on his claims of "outrageous conduct" by the government. This Court is unable to construe this motion as another Section 2255 pleading because it would be successive and Boyer has not obtained permission from the Eleventh Circuit to pursue a successive petition. His renewed attempt to obtain a writ of *audita querela* fails as well. The facts he argues were known or could have been known by him at the time of trial. And, in fact, he did make these arguments prior to and after trial. They failed.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Re-Open or for a Writ of *Audita Querela* (Dkt. #335) is DENIED.

2. Defendant's Motion for Discovery (Dkt. #337) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 13th day of August, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to:</u>
Counsel/Parties of Record

F:\Docs\2001\01-cr-56 Boyer 335 and 337.docx