**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**                                                                        **Case No. 8:01-cr-056-T-30TBM**

**JOSHUA BOYER,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Defendant Joshua Boyer's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 405), which is construed as a motion to proceed *in forma pauperis*.

Defendant seeks to appeal the Court's Order (Doc. 403), dated December 5, 2016, denying his Second Motion for New Trial (Doc. 402). The Application includes a declaration attesting that he is unable pay the costs of an appeal. Defendant has also submitted an Inmate Inquiry, dated December 19, 2016, reflecting his prisoner account balance of $32.64. The government has not filed a response, but the Court finds such is unnecessary.

As explained below, I recommend that the construed motion be **denied.**

**A.**

Rule 24 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 1915 govern the determination of applications to proceed *in forma pauperis* on appeal. *See Ex parte*

*Chayoon*, 2007 WL 1099088, No. 6:06-cv-1812-Orl-19JGG (M.D. Fla. Apr. 10, 2007). Rule 24(a) of the Rules of Appellate Procedure provides in part:

> **(1) Motion in the District Court**. Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>
> **(A)** shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
>
> **(B)** claims an entitlement to redress; and
>
> **(C)** states the issues that the party intends to present on appeal.
>
> **(2) Action on the Motion**. If the district court grants the motion, the party may proceed on appeal without prepaying or giving security for fees and costs, unless a statute provides otherwise. If the district court denies the motion, it must state its reasons in writing.
>
> **(3) Prior Approval**. A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>
> **(A)** the district court – before or after the notice of appeal is filed – certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding, or
>
> **(B)** a statute provides otherwise.

Fed. R. App. P. 24(a).

Similarly, § 1915 provides, in pertinent part:

2

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
> 
> \*\*\*
> 
> An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

28 U.S.C. § 1915(a)(1), (3).

Thus, two requirements must be satisfied for a party to prosecute an appeal *in forma pauperis*: (1) the party must show an inability to pay (or that the party previously was permitted to proceed in forma pauperis), and (2) the appeal must be brought in good faith.

**B.**

Before addressing the motion, a review of the course of proceedings is useful.  In February 2001, Defendant was indicted on three counts: 1) conspiring to possess with intent to distribute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, 2) conspiracy to possess a firearm in furtherance of a drug trafficking crime, and 3) knowingly possessing an unregistered short-barreled shotgun.  (Doc. 5).  The Superseding Indictment, dated March 7, 2001, alleged the same counts against Mr. Boyer.  (Doc. 48). Following a jury trial in July 2001, Defendant was found guilty on all three counts.  (Docs. 138, 142).  On November 27, 2001, Defendant was sentenced to a total of 288 months imprisonment and five years supervised release in accordance with the advisory sentencing

3

guidelines. (Doc. 199). Defendant appealed the Judgment. (Doc. 200). On July 30, 2003, the Eleventh Circuit affirmed. (Doc. 256).

Following the Eleventh Circuit's affirmance, Defendant filed numerous motions attacking the sentence, including a motion to vacate pursuant to 28 U.S.C. § 2255 (Doc. 275); motion for writ of audita querela (Doc. 289); motion to correct clerical error in the judgment (Doc. 294); a second motion for writ of audita querela (Doc. 335); motion to correct errors in the sentencing record (Doc. 339); motion for modification of sentence pursuant to 18 U.S.C. 3582(c)(2) (Doc. 349); a motion for new trial (Doc. 356, 357); and a request for discretionary sentencing relief (Doc. 374) – all of which were denied by the Court.[1]

By his Second Motion for New Trial (Doc. 402), brought pursuant to Federal Rule of Criminal Procedure 33(b)(1), he realleged his claims of entrapment and outrageous government conduct as set forth in his previous motion for new trial.[2] In addition, he attached the Report of Jeffery Fagan, Ph.D., submitted in a criminal action in the Northern District of Illinois, which Defendant claims is new evidence to support his assertions of entrapment and

---

[1] It bears noting that Mr. Boyer's sentence has been reduced by virtue of an Executive Grant of Clemency, dated August 3, 2016. (Doc. 393). Therein, President Barack Obama commuted Mr. Boyer's term of imprisonment to expire on August 3, 2018. *Id.*

[2] The first motion for new trial was "denied because more than three (3) years have passed since the jury's guilty verdicts in this case" and "absent some provision creating or continuing its jurisdiction, the Court lacks authority to entertain Boyer's request for relief." (Doc. 362).

outrageous government conduct.[3] Given this "new evidence," Defendant claims that he is entitled to equitable tolling of the time limits for filing a motion for new trial. He also asked that the district court grant an evidentiary hearing on the motion for new trial. (Doc. 402). The district judge, by endorsed order, denied the motion. (Doc. 403). Defendant now seeks to appeal the ruling.

While Defendant's declaration of indigency evidences an inability to pay the filing fee on appeal, the motion should nonetheless be denied on substantive grounds. Construed liberally,[4] any basis for appeal appears frivolous and thus the appeal is not brought in good faith.[5] Defendant asserts no arguable, good faith basis to appeal the Court's Order denying his second motion for new trial. And, he alleges no grounds which would support the same. As for the rulings set forth in the challenged Order, on the facts considered and pleadings reviewed, there simply is no support for finding that the Court clearly erred.

---

[3]The report by Dr. Fagan is an examination of "Stash House" prosecutions in the Northern District of Illinois between 2006-2013, and explores disparate treatment based upon race. Dr. Fagan concludes that his "empirical analyses converge to show a pattern of discrimination by defendant race and ethnicity in the targeting of Black and Hispanic persons for fictitious Stash House stings." (Doc. 402 at 47).

[4]The Court should liberally construe *pro se* pleadings and hold them to a less stringent standard than pleadings drafted by attorneys. *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)).

[5]Good faith is demonstrated by seeking appellate review of any issue that is not frivolous when judged under an objective standard. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Busch v. Cnty. of Volusia*, 189 F.R.D. 687, 691 (M.D. Fla. 1999). An issue is frivolous when it appears that the legal theories are "indisputably meritless." *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

Under Rule 33, a court may vacate any judgment and grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a). However, according to the Rule, a motion for a new trial grounded upon newly discovered evidence must be filed within three years of the verdict. Fed. R. Crim. P. 33(b)(1). Mr. Boyer filed his first motion for new trial on March 30, 2015 – more than thirteen years after the entry of judgment in this case. His second motion for new trial was filed on December 2, 2016 – more than fifteen years after entry of judgment. He therefore clearly does not fall within the three-year window provided by Rule 33.

Nonetheless, Defendant claims that equitable tolling should apply to his belated motion for new trial. (Doc. 402 at 7). While acknowledging the Eleventh Circuit has "not yet decided whether equitable tolling applies to Rule 33 motions based on newly discovered evidence" (quoting *United States v. Addison*, 569 F. App'x 774, 776 (11th Cir. 2014), Defendant claims that the type of "extraordinary circumstances necessary for equitable tolling are unquestionably present in this case." *Id.*

As a general matter, motions for a new trial are highly disfavored and should be granted with great caution. *United States v. Scrushy*, 721 F.3d 1288, 1304 (11th Cir. 2013). Furthermore, to succeed on such a motion based on newly discovered evidence, a defendant must establish that: (1) the evidence was discovered after trial; (2) the failure to discover the evidence was not due to a lack of due diligence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) a new trial would probably produce a different result. *United States v. Jernigan,* 341 F.3d 1273, 1287 (11th Cir. 2003). "The

failure to satisfy any one of these elements is fatal to a motion for a new trial." *United States v. Thompson,* 422 F.3d 1285, 1294 (11th Cir. 2005) (internal quotation marks omitted).

The Supreme Court has held that Rule 33's time limitations are not a jurisdictional rule, but are "admittedly inflexible because of [Federal Rule of Criminal Procedure Rule] 45(b)'s insistent demand for a definite end to proceedings." *Eberhart v. United States,* 546 U.S. 12, 19 (2005) (per curiam).  However, whether or not equitable tolling may apply to motions for new trial remains an open question in this Circuit. *See Addison*, 569 F. App'x at 776 ("While we have not determined whether equitable tolling applies to Rule 33 motions based on newly discovered evidence, we find that even if it does, Addison cannot demonstrate he is entitled to equitable tolling on his Rule 33 motion.").  In a recent unpublished decision, the Eleventh Circuit addressed equitable tolling in the context of Rule 33 motions for new trial. *United States v. Rodriguez*, ___ F. App'x ___, 2016 WL 7240141, at *3 (11th Cir. Dec. 15, 2016).[6]  In that case, without explicitly deciding that equitable tolling applies, the Court stated, "[Defendant] is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

Even assuming *arguendo* that Dr. Fagan's report on Stash House prosecutions in the Northern District of Illinois between 2006-2013 constitutes new evidence – a contention I cannot agree with – I find that Defendant here failed to carry his burden that a new trial is

---

[6] Pursuant to Eleventh Circuit Rule 36-2, unpublished opinions are not considered binding precedent, but may be cited as persuasive authority.

warranted or that equitable tolling should apply in these circumstances. Quite simply, Defendant fails to support any assertion that the evidence is material or that a new trial would produce a different result, even assuming the report or testimony thereon were admitted into evidence. Such is fatal to his request for a new trial.

Moreover, by my consideration, Defendant fails to present any extraordinary circumstance that would allow for the Court to apply equitable tolling to his request for a new trial more than fifteen years after he was convicted and sentenced.

In sum, Defendant is unable to demonstrate a nonfrivolous issue for appeal with respect to the Order denying his motion, and I find his appeal both frivolous and lacking good faith.

**C.**

For the reasons stated above, it is **RECOMMENDED** that the Court **DENY** Defendant's construed motion for leave to proceed in forma pauperis (Doc. 405) on grounds that the appeal is frivolous and certify that the appeal is therefore not taken in good faith.

It is **RECOMMENDED** further that the Clerk be directed to notify the Court of Appeals of the above ruling in accordance with Rule 24(a)(4) of the Federal Rules of Appellate Procedure.

                                                Respectfully submitted this
                                                5th day of January 2017.

                                                THOMAS B. McCOUN III
                                                UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

Failure to file written objections to this Report and Recommendation within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking such Report and Recommendation before the assigned United States District Judge. 28 U.S.C. § 636(b)(1)(B); M.D. Fla. R. 6.02.

Copies furnished to:
The Honorable James S. Moody, United States District Judge
Counsel of Record
*Pro se* Defendant